ELLIOTT SERVICE COMPANY, Appellant, *v.* DISPATCH PHOTO NEWS SERVICE COMPANY, INC., and Others, Respondents.

First Department, July 1, 1921.

Injunction — unfair competition — corporation using another's methods in furnishing photographic and pictorial news service — injunction pendente lite granted.

A motion for an injunction *pendente lite* should be granted in favor of a domestic corporation, engaged in furnishing photographic and pictorial news service and also photographic news to banks and other financial institutions by means which it has devised, against another corporation which was formed by one of its former employees and which copied plaintiff's methods, *first*, in the use of headings for ordinary news service which simulated those of plaintiff and especially in the use of wire towers and other structural representations which produce the effect of plaintiff's headings; *second*, in the use of contract slips or blanks which in color, language, shape and arrangement are copies of those used by plaintiff.

APPEAL by the plaintiff, Elliott Service Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of May, 1921, denying plaintiff's motion for an injunction *pendente lite*.

*Oscar W. Jeffery* of counsel [*Jeffery, Kimball & Eggleston,* attorneys]; for the appellant.

*Thomas A. O'Connor* of counsel, for the respondents.

DOWLING, J.:

Plaintiff, which is a domestic corporation having its principal place of business in the borough of Manhattan, city of New York, has been continuously engaged in business since July, 1913, in furnishing a photographic and pictorial news service to be used for window display advertising purposes known as a " service; " this service consists of copies of large photographs of interesting current events, prepared and furnished by plaintiff to its customers several times a week contained in frames furnished by it adapted for the easy withdrawal and insertion of photographs; below the photograph appears

printed matter known as a " caption " intended to attract public attention, and below both of these appears the advertising card bearing the advertisement of the merchant using the service. This service is now being furnished to over 5,000 subscribers throughout the United States. To identify the service plaintiff used the name " Associated News Service " which it printed in large type at the top of the sheet bearing the photograph and caption, against a background of wires extending over a telegraph pole at each end of the said title to circles containing representations of the eastern and western hemispheres; below the title of the service appears in white letters on a black background the words " World's Latest Events In Pictures." The frames containing the matter furnished for its service by plaintiff are of uniform size and arrangement. In October, 1918, plaintiff devised a system for furnishing similar photographic news to banks and other financial institutions throughout the country. This is known as a bank service and also consists of a frame with three strips across the face thereof dividing the same into panels containing at the top an advertisement of the institution, below that the photograph, then a third panel containing the caption, and then a final panel containing a so-called " thrift message." In January, 1919, plaintiff further extended its service so as to cover industrial enterprises, the usual photographic service being extended by providing a space for messages to employees intended to promote the betterment of industrial relations. Plaintiff has expended large sums of money in the promotion and advertisement of its business.

The defendant Harris was in plaintiff's employ as a solicitor or salesman from August, 1918, until November, 1920, and about a month after leaving the same he formed a copartnership with the defendant Mullany for the purpose of conducting a business similar to that of plaintiff under the name of " Dispatch News Service." Thereafter and in February, 1921, the individual defendants caused the defendant corporation, Dispatch Photo News Service Company, Inc., to be incorporated under the laws of the State of New York for the purpose of carrying on a business similar to that of the plaintiff, and that corporation took over the business theretofore conducted by the individual defendants.

It is because of the manner of doing business by defendants and because of their unfair appropriation of the methods, paraphernalia, literature and printed matter of the plaintiff that this action is brought.

The most casual inspection of the exhibits in the case leads to the conclusion that the defendants' purpose was to copy as closely and as fully as it could be done the service of the plaintiff in all its details. Plaintiff uses in soliciting subscriptions contract slips varying in color with the length of time for which the subscription is entered; the contract for three months' service is printed on blue paper; that for six months on yellow paper, and that for a year on white paper. The defendants have copied the size, shape, color and language of these contracts both on the face and the back thereof until they are exact replicas of plaintiff's stationery. The rates for service are identical, the spacing is the same, the blanks to be filled in are in the same position and it is impossible to escape the conclusion that the methods of soliciting business in this particular used by plaintiff were purposely copied by defendants even though they did not use upon the top of their slips the sketches used upon the service. The defendants made use in their service of a frame closely similar in shape, size and general arrangement to that used by plaintiff for its several kinds of service. In the heading of defendants' photographic services they used the words in large black type " Dispatch News Service " against a background of dots supposed to represent a wireless communication between two towers inserted at either end of the name, and behind which there appears on one side a representation of a locomotive and an aeroplane above and at the other side a steamship with an airship above. Below the name of the service appear the words printed in white against a black background " News of the World in Pictures." The effect of this heading is to reproduce to an observer the effect of the plaintiff's heading upon its service, and while in some of its details the defendants' device varies from the plaintiff's, the result of the careful arrangement of the elements making up defendants' title is to produce a palpable simulation of that of plaintiff.

In so far as the heading upon this ordinary service is

concerned there is a clear violation of plaintiff's rights. The defendants have been so solicitous to copy plaintiff's methods that where the plaintiff for reasons of its own found it advisable to omit its name entirely from the service which it furnished to financial institutions and to have at the top of the frame simply the name of the bank which subscribed for the service, the defendants have slavishly copied this service and have also refrained from using their name upon their competing service.

While there are some details of plaintiff's claim which are sufficiently in doubt to necessitate the decision of its rights thereto upon a trial the denial at this time of all the relief which the plaintiff has demanded is not to be taken as an expression of our opinion upon the merits of the controversy. For the present it is sufficient to say that we believe that plaintiff is entitled to a temporary injunction restraining the defendants, pending the trial of this action, from further violation of plaintiff's rights in the following particulars: *First*, in the use of the heading used by them upon their ordinary news service which, as has been shown, simulates that used by plaintiff, the particular part thereof which is most objectionable and the use of which should be absolutely discontinued being the combination of wire towers and other structural representations which produce the effect of plaintiff's heading; *second*, in the use of the contract slips or blanks which in color, language, shape and arrangement are copies of those used by plaintiff.

These being the more glaring instances of unfair trade competition and those by which the greatest damage is likely to be wrought to plaintiff pending a trial of the other issues, the relief sought is granted to that extent.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted to the extent indicated, with ten dollars costs.

Clarke, P. J., Smith, Page and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted as indicated in opinion, with ten dollars costs.   Settle order on notice.